### RICHARD H. GILL v. HARRY BUCKINGHAM.

#### No. 283.

1. PRACTICE—*Action to Enforce Landlord's Lien—Parties.* In an action by a landlord to enforce his rights under the statute giving him a lien on the crop for rent against a purchaser from the tenant, it is not error for the trial court to refuse to make the tenant a party defendant.

2. ——— *Application for Continuance—Absent Witness.* Defendant asked for a continuance of the trial because of the absence of a witness living in another county, whom the application showed was sick and unable to attend. No effort had been made to procure the deposition of this witness until four days before the trial and after the case was assigned for trial. *Held,* That it was not error to refuse the continuance.

3. ——— *Irregularities During Trial—Not Ground for Reversal, When.* A judgment will not necessarily be reversed by reason of an erroneous or irregular proceeding during the trial, where both parties participated therein and are equally at fault.

4. ——— *Special Findings—Discrepancy in Amounts.* Special findings control the general verdict. In one finding the jury found the several amounts of the items of counter-claim set up in the defendant's answer, in another the aggregate amount allowed him thereon. This aggregate exceeded the sum of the items.

The court, in rendering judgment on the special findings, gave the defendant the benefit of the larger amount. This discrepancy in the findings did not make a new trial necessary on the defendant's motion, nor has he any ground for complaint by reason of this action of the court.

Error from Cloud district court; F. W. STURGES, judge. Opinion filed March 5, 1898. Affirmed.

*C. W. Van De Mark*, for plaintiff in error.
*Theodore Laing*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The first assignment of error is that the court denied the motion of the plaintiff in error, who was defendant below, to make John Lanier, the tenant of the plaintiff, a party defendant in the case. This motion was properly denied. No reason existed why he should be made a party defendant. The plaintiff asked no relief against him. The defendant could make every defense to the plaintiff's action that it was possible for him to make had John Lanier been a party. Hence, he was in no manner prejudiced by this ruling of the court.

The second assignment of error is that the court refused a continuance on the ground of the sickness of one Duprey, who, the defendant claimed, was a material witness in his behalf. The application for continuance discloses that the defendant relied upon the promise of Duprey to attend at the trial from another county ; that only four days before the case was tried, and after it had been assigned for trial, did the defendant attempt to take the deposition of Duprey. He could not rely upon Duprey's promise to attend, and base an application for continuance upon his failure so to do. The application does not show any diligence upon the part of the defendant toward procuring

the witness's deposition ; it does not show any material fact to which Duprey would have testified ; and it was not in such a condition that the court could have permitted it to be read as a deposition.   The application for continuance was properly refused.

Under the third assignment of error, it is only necessary for us to say that we cannot hold that the court abused its discretion in passing the case over from Friday evening until Monday morning on the application of the plaintiff.

Upon the conclusion of the trial the case was submitted to the jury, who retired and agreed upon a verdict, and upon bringing it into court in the morning, but before it was announced, upon the application of the plaintiff, both he and the defendant were permitted to submit to the jury additional findings of fact.   The plaintiff in error is in no condition to complain of this action of the court.   It was irregular and the practice ought not to be encouraged.   But the plaintiff in error is as much in fault as the defendant in error.

The fifth assignment of error is, that the court set aside the verdict of the jury for the defendant and rendered judgment for the plaintiff upon the special findings of fact.   The plaintiff sought to recover from the defendant rent which he claimed to be due him from his tenant, Lanier, for the reason that he had a lien therefor against a crop of corn grown by the tenant upon the plaintiff's farm, and which the defendant had purchased from the tenant with notice of the plaintiff's lien.   It is admitted that the defendant bought the corn ; that the tenant raised it upon the plaintiff's farm ; that the value of the corn amounted to more than the annual rental sought to be recovered ; that the defendant knew all of this and knew

that the rent was not paid unless the improvements placed upon the farm by the tenant were of sufficient value to pay the rent, and that the plaintiff was holden for their value under the terms of the lease and existing facts as between the landlord and the tenant. The defendant denied that there was any rent due to the plaintiff, and averred that the rent had been paid by improvements put upon the farm by the tenant.

These questions were submitted to the jury and found by it in its special findings. They warranted the judgment rendered by the court. The general verdict for the defendant was inconsistent with these findings and was controlled by them. It was the duty of the court to render the judgment it did. It is true there is a discrepancy between the findings of the jury as to the aggregate amount of the improvements for which the plaintiff was liable to the tenant and the jury's itemized statement thereof in one finding. Doubtless the jury made a mistake in the aggregate amount of the value of these improvements in favor of the defendant, as their finding which contains an itemized statement of the various improvements and their value does not warrant their aggregate finding. However, the defendant cannot complain of this. If there is any error in the judgment of the court based thereon, it was to the prejudice of the plaintiff, defendant in error.

Judgment is affirmed.